IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAROL SAMPSON and DAVID SAMPSON, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>DELTA AIR LINES, INC., a Georgia Corporation, and SERVISEG, S.A. de C.V., a Mexican Company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:12-CV-244 TS |

This matter is before the Court on Defendant Serviseg, S.A. de C.V.'s ("Serviseg") Motion to Dismiss and Plaintiffs Carol Sampson and David Sampson's Motion to Amend Complaint.[1]  For the reasons discussed more fully below, the Court will grant Serviseg's Motion to Dismiss and will deny Plaintiffs' Motion to Amend.

---

[1] Docket Nos. 23, 25.

## I.  BACKGROUND

Plaintiffs Carol and David Sampson are Utah residents.  Defendant Delta Air Lines, Inc. ("Delta"), conducts business of carriage of persons by air from the Salt Lake City Airport and has a registered agent in the State of Utah.  Defendant Serviseg is a Mexican company with its headquarters and principal place of business in Mexico City, Mexico.

In support of its Motion to Dismiss, Serviseg provided a declaration from one of its employees, Alejandra Jimenez Campos.  According to that declaration, Serviseg operates solely in Mexico.  Serviseg provides airport security services to multiple airlines that conduct flights in and out of airports in Mexico.  Serviseg has contracted with Delta to provide such services in Mexico.  One of the services that Serviseg provides for Delta is assisting passengers in wheelchairs who are boarding or exiting Delta flights in Mexico.

The declaration further indicates that Serviseg does not provide any air-transport, travel agent, or airline ticketing services.  At no time has Serviseg conducted operations, transacted business, or contracted to supply services within the United States or the State of Utah.  Nor has Serviseg maintained a registered agent anywhere within the United States.  Finally, Ms. Jimenez Campos attests that Serviseg has never employed any individual in the United States and Serviseg has never owned, leased, or maintained real property in the United States or the State of Utah.

This dispute arises from a personal injury that Plaintiff Carol Sampson suffered while disembarking from a Delta plane in Cancun, Mexico.  On or about March 26, 2011, Plaintiffs boarded Delta Flight 463 at the Salt Lake City Airport, bound for Cancun, Mexico, with a

layover in Atlanta, Georgia. During the flight from Atlanta to Cancun, Mrs. Sampson became ill. Upon arrival in Cancun, air stairs were brought to the plane and the passengers were instructed to disembark down the air stairs to a waiting bus that would take them to the local air terminal. Mrs. Sampson requested a wheelchair to disembark the airplane. Defendants attempted to carry Mrs. Sampson down the air stairs in the wheelchair, however, in the act of descending the air stairs, Defendants dropped Mrs. Sampson, causing her to hit her back and head on the metal stairs. Mrs. Sampson was carried to the tarmac and was eventually taken by ambulance to a hospital in Cancun.

Plaintiffs claim that, as a result of her fall, Mrs. Sampson suffered significant injuries to her head, back, neck, and hands. According to Plaintiffs, Mrs. Sampson will require future back surgeries to correct her injuries. Plaintiffs also allege that Mrs. Sampson suffered extreme pain, suffering, and humiliation. Plaintiff David Sampson alleges that he suffered loss of consortium because of this event and provided significant assistance to his wife in her care and treatment that he otherwise would not have had to provide.

## II.  DISCUSSION

Defendant Serviseg moves to dismiss for (1) failure to state a claim, (2) lack of subject matter jurisdiction, and (3) lack of personal jurisdiction. Plaintiffs move for leave to amend to bring a state-law claim against Serviseg and to allege diversity jurisdiction.

"Federal courts are courts of limited jurisdiction."[2] Thus, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."[3] As to the priority of jurisdictional issues, "there is no mandatory 'sequencing of jurisdictional issues'" and "[i]n appropriate circumstances . . . a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction."[4]

Plaintiffs bear the burden of showing that jurisdiction is proper in this case.[5] "In the preliminary stages of litigation, however, the plaintiff's burden is light. Where, as in the present case, . . . the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists."[6]

Serviseg moves to dismiss for lack of subject matter and personal jurisdiction. Plaintiffs' original claims arise under a treaty of the United States—the Montreal Convention. To the

---

[2]*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[3]*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)).

[4]*Id.* (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

[5]*Deeble v. Dyslin*, 70 F.3d 1282, 1995 WL 694077, at *1 (10th Cir. Nov. 25, 1995) (unpublished) (citing *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995); *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994)).

[6]*Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citing *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)).

extent they have properly pleaded such a claim, Plaintiffs have properly alleged federal question jurisdiction. Further, Plaintiffs' proposed amended complaint alleges a separate grounds for subject matter jurisdiction—diversity jurisdiction. Under either ground for subject matter jurisdiction, the Court must address the propriety of exercising personal jurisdiction over a foreign defendant such as Serviseg.[7] Therefore, the Court will begin its inquiry by determining the propriety of exercising personal jurisdiction over Serviseg.

A.  PERSONAL JURISDICTION

The personal jurisdiction analysis varies slightly depending on whether Plaintiffs' claims are brought pursuant to federal question jurisdiction or diversity jurisdiction. "Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'"[8] "'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and

---

[7]*See Weinberg v. Grand Circle Travel, LCC*, 891 F. Supp. 2d 228, 237 (D. Mass 2012) (citing *Welch v. Am. Airlines, Inc.*, 970 F. Supp. 85, 88 (D. P.R. 1997); *Luna v. Compania Panamena De Aviacion, S.A.*, 851 F. Supp. 826, 831 (S.D. Tex. 1994)).

[8]*Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quoting *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)).

that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[9]

Plaintiffs' federal claims arise under the Montreal Convention. Thus, the first question that the Court must address is whether the Montreal Convention authorizes service of process on Serviseg. Article 33(4) of the Montreal Convention expressly provides that "[q]uestions of procedure shall be governed by the law of the court seised of the case."[10] Based on this language, other courts have held that the Montreal Convention does not affect a court's interpretation and application of its own procedural rules.[11] Service of process is a procedural rule directly addressed by the Federal Rules of Civil Procedure.[12] Thus, the Court finds that the Montreal Convention does not authorize nationwide service of process on Serviseg. The Court also notes that it does not appear that the authors of the Montreal Convention intended to authorize "worldwide service of process" thereby abrogating the service requirements of each signatory state.[13]

---

[9]*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far W. Capital, Inc.*, 46 F.3d at 1074).

[10]Convention for the Unification of Certain Rules for Int'l Carriage by Air art. 33, May 28, 1999, T.I.A.S. No. 13,0388, 1999 WL 33292734, at *39.

[11]*In re W. Caribbean Airways, S.A.*, 619 F. Supp. 2d 1299, 1311–28 (S.D. Fla. 2007).

[12]*See* Fed. R. Civ. P. 4.

[13]*Peay*, 205 F.3d at 111 n.4 (citing *Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 416 (10th Cir. 1996)).

Where the applicable federal statute—or treaty—does not provide for nationwide service of process, Federal Rule of Civil Procedure 4(k)(1)(A) "commands the district court . . . to apply the law of the state in which the district court sits."[14] As in diversity jurisdiction cases, under this approach "[p]ersonal jurisdiction is established by the laws of the forum state and must comport with constitutional due process."[15]

"Utah's long-arm statute confers the maximum jurisdiction allowed by due process of law,"[16] therefore "'the first, statutory, inquiry effectively collapses into the second, constitutional, analysis.'"[17] To satisfy the constitutional requirement of due process, the defendant must have such "minimum contacts" with the forum state such "that he should reasonably anticipate being haled into court there."[18] If the Court finds that Serviseg had adequate minimum contacts with the forum state, it must also determine whether personal jurisdiction is reasonable in light of the

---

[14]*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

[15]*Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Can., Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012) (citing *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)).

[16]*ICON Health & Fitness, Inc. v. Relax-A-Cizor Prods., Inc.*, 2013 WL 1750249, at *1 (D. Utah April 23, 2013) (citing *Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985)).

[17]*Id*. (quoting *Dudnikov*, 514 F.3d at 1070); *see also Sys. Designs, Inc. v. New Customward Co.*, 248 F. Supp. 2d 1093, 1097 (D. Utah 2003) (holding that "[i]t is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute").

[18]*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980).

circumstances surrounding the case. In other words, exercising jurisdiction must not offend traditional notions of "fair play and substantial justice."[19]

The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.[20]

### 1.     GENERAL JURISDICTION

For general jurisdiction to exist, a defendant must conduct substantial and continuous local activity in the forum state.[21] The allegations of Plaintiffs' Complaint and the evidence submitted in Serviseg's affidavit demonstrate that Serviseg has not conducted substantial and continuous local activity in this forum. Notwithstanding this lack of forum related activity conducted by Serviseg, Plaintiffs argue that jurisdiction is proper because Serviseg is an agent of Delta.

"The Tenth Circuit has recognized that a principal *may* be subject to the jurisdiction of the court because of the activities of its agent within the forum state."[22] The realities of corporate structuring give rise to the rule that "[t]he existence of a 'general' agency relationship" may support general jurisdiction over a corporation through a subsidiary.[23] The same reasoning has

---

[19] *Burger King v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

[20] *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090–91 (10th Cir. 1998).

[21] *Soma Med. Int'l*, 196 F.3d at 1295.

[22] *Fireman's Fund*, 703 F.3d at 493 (emphasis in original) (quoting *Taylor v. Phelan*, 912 F.2d 429, 433 (10th Cir. 1990)).

[23] *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 459 (10th Cir. 1996).

been applied to allow general jurisdiction over partnerships and joint ventures where only one party to the venture is subject to the general jurisdiction of the forum.[24]  "As all corporations must necessarily act through agents, a wholly owned subsidiary may be an agent and when its activities as an agent are of such a character as to amount to doing business of the parent, the parent is subjected to the in personam jurisdiction of the state."[25]

Plaintiffs have alleged at best that Serviseg is an agent of Delta.  All of the actions Serviseg is alleged to have taken on behalf of Delta occurred in Mexico.  Indeed, nowhere in Plaintiffs' Complaint or Serviseg's affidavit are there allegations or evidence that Delta was acting on behalf of Serviseg or performing Serviseg's business in Utah.  In light of the absence of conduct on the part of Serviseg directed at this forum, the Court cannot find that Serviseg "transacted business" within Utah.[26]

While Plaintiffs' Complaint contains sufficient allegations to maintain personal jurisdiction over Delta, it does not follow that by virtue of that jurisdiction the Court may exercise jurisdiction over any agent of Delta.  To hold otherwise would be contrary to the purposes of the minimum contacts analysis.  Accordingly, the Court finds that Serviseg is not subject to the general jurisdiction of this Court.

---

[24] *See Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 466 (1st Cir. 1990) (stating that under the agency theory, a partner is deemed by law and contract to be the partnership's general agent); *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1364–65 (10th Cir. 1974) (discussing the application of alter ego theory to personal jurisdiction analysis).

[25] *Curtis Publishing Co. v. Cassel*, 302 F.2d 132, 137 (10th Cir. 1962).

[26] *Quarles*, 504 F.2d at 1362.

### 2. SPECIFIC JURISDICTION

To meet the minimum contacts requirement in the specific jurisdiction context, a defendant must purposefully direct its activities at the forum, and the plaintiff's injuries must arise out of those forum-related activities.[27] The purposeful direction requirement has been described as an "act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."[28] The salient factors that together indicate purposeful direction are: intentional action, expressly aimed at the forum state, with knowledge that the brunt of the injury would be felt in the forum state.[29]

Serviseg operates out of Mexico and has very limited contacts with the United States and no contacts with the State of Utah. Serviseg contracted with Delta to perform flight-related services for Delta. All of those services were to be performed in Mexico. Serviseg's only interaction with Plaintiffs was the carrying of Mrs. Sampson's wheelchair down air stairs to a tarmac in Cancun, Mexico. The fact that Serviseg contracted with Delta to provide such services to Delta passengers in Mexico does not show a level of availment of Utah laws sufficient to meet the specific jurisdiction requirement.

---

[27] *Dudnikov*, 514 F.3d at 1071.

[28] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[29] *See Shrader v. Biddinger*, 633 F.3d 1235, 1239–40 (10th Cir. 2011) (citing *Dudnikov*, 514 F.3d at 1072).

In short, Serviseg's interaction with Utah residents was a "random, fortuitous, or attenuated contact[]" resulting from the "unilateral activity of another party or a third person."[30] Therefore, the Court finds that Plaintiffs have failed to meet their burden to prove that Serviseg availed itself of the benefits of the laws of Utah sufficient to establish minimum contacts.

3. REASONABLENESS

Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies.[31]

Applying these factors to the evidence presented in this case, the Court finds that the burden on Serviseg in being required to defend in this forum would be high because Serviseg is a Mexican company that does not conduct any business in Utah and has very little expectation of being haled into court in Utah. That being said, Serviseg concedes that the forum state's interest in resolving the dispute is high because Plaintiffs are Utah residents.

As to Plaintiffs' interests in pursuing their remedies against Serviseg in this forum, Plaintiffs argue that this factor weighs in their favor because a resolution of the case in this forum will provide them convenient and effective relief. However, as Serviseg notes, even without Serviseg as a party to this case, Plaintiffs may still pursue their claims against Delta. In that

---

[30] *Burger King*, 471 U.S. at 476.

[31] *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004).

manner, Plaintiffs may receive convenient and effective relief.  The interstate judicial system favors the dismissal of Serviseg.  Plaintiffs may pursue their claims against Delta in this forum and Delta may in turn pursue any claim it may have against Serviseg in Mexico.  Such an approach respects the shared interest of the several states involved by respecting the authority of the various jurisdictions implicated in this international dispute.

On the whole, the Court finds that a balance of the foregoing factors weigh in Serviseg's favor and, as such, the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.

B.      JURISDICTIONAL DISCOVERY

In the event the Court is inclined to grant dismissal on jurisdictional grounds, Plaintiffs request leave to conduct jurisdictional discovery.  Serviseg opposes such a request on the grounds that Plaintiffs have failed to meet their burden of making a threshold prima facie case of personal jurisdiction and failed to show how the discovery they seek would provide the Court with a basis for jurisdiction.  Serviseg also argues that because its entire operation is based out of Mexico and it maintains no employees in the United States it will be extremely burdensome for it to engage in any discovery in this forum.

At the outset, the Court notes that it is not required to recognize "a general request for discovery" included in a "response [to a] dismissal motion."[32]  A party seeking additional

---

[32] *World Wide Ass'n of Specialty Programs & Sch. v. Houlahan*, 138 F. App'x 50, 52 (10th Cir. 2005) (unpublished).

discovery should file an "explicit, supported motion for discovery."[33]  Due to the general nature of Plaintiffs' request for discovery, the Court is left guessing as to the potential probative value of the evidence Plaintiffs seek to discover.  This puts the parties and the Court at a disadvantage.

That being said, this Court is vested with broad discretion in deciding whether to allow jurisdictional discovery.[34]  "'A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant.  Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is *necessary*.'"[35]

Plaintiffs ask for discovery as to (1) "[h]ow many flights from Salt Lake City Serviseg has provided service to in Mexico," (2) "[h]ow many Utah citizens Serviseg has provided service to," and (3) "[w]hether Serviseg has entered contracts with choice of law of [sic] choice of forum clauses involving Utah citizens or companies."[36]  Discovery into the first two areas would not modify the outcome in this case as the service provided undisputedly occurred in Mexico. Plaintiffs do not seek information that demonstrates purposeful availment of the laws of this forum.  As to potential contracts with choice of law forums in the United States, it is possible, though improbable, that Serviseg's unrelated contracts may provide some evidence of purposeful

---

[33] *Id.*

[34] *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975).

[35] *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (unpublished) (emphasis in original) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)).

[36] Docket No. 25, at 6.

availment of the protection of United States law.  It is not clear, however, how such contracts would provide specific jurisdiction in this case.

In sum, "it is difficult to imagine how the [discovery Plaintiffs seek] could possibly create personal jurisdiction over [Serviseg] in Utah."[37]  Rather, Plaintiffs' request for discovery appears to be an improper evidentiary fishing expedition.[38]  For these reasons, the Court will deny Plaintiffs' request for jurisdictional discovery.

C.      LEAVE TO AMEND

Plaintiffs seek leave to file an amended complaint.  Plaintiffs have provided a copy of their Proposed Amended Complaint for the Court's review.  As discussed previously, Plaintiffs' Proposed Amended Complaint adds a state-law claim for negligence and alleges diversity jurisdiction.  Serviseg opposes Plaintiffs' Motion on the grounds that the requested amendment would be futile.  Serviseg's argument is premised on its assertion that the Court cannot exercise personal jurisdiction over it for purposes of adjudicating the claims in either Plaintiffs' Complaint or Proposed Amended Complaint.  Serviseg also argues that amendment is futile because it is not a "carrier" for purposes of the Montreal Convention.

Where, as in this case, a motion under Rule 12(b) has been served, Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's

---

[37]*Bell Helicopter Textron*, 385 F.3d at 1299.

[38]*See Martinez v. True*, 128 F. App'x 714, 716 (10th Cir. 2005) ("[A] party may not use discovery as a fishing expedition." (internal quotation marks and citation omitted)).

written consent or the court's leave."[39] The Rule specifies that "[t]he court should freely give leave when justice so requires."[40] However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[41]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[42] This is true of a proposed amended complaint that is subject to dismissal for lack of personal jurisdiction.[43] Because the Court finds that Plaintiffs' Proposed Amended Complaint is subject to dismissal for lack of personal jurisdiction, it follows that Plaintiffs' Motion to Amend is futile. Accordingly, the Court will deny Plaintiffs' Motion.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant Serviseg's Motion to Dismiss (Docket No. 23) is GRANTED. It is further

ORDERED that Plaintiffs' Motion to Amend Complaint (Docket No. 25) is DENIED.

---

[39] Fed. R. Civ. P. 15(a)(2).

[40] *Id.*

[41] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[42] *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

[43] *See Litster v. Alza Corp.*, 2006 WL 3327906 (D. Utah Nov. 15, 2006).

DATED December 9, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge